UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM C. MCGEE,

       Petitioner,

v.

ERIC RARDIN,

       Respondent.

_____/

Case No. 2:26-cv-11861
Honorable Linda V. Parker

## OPINION & ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS

### I.      INTRODUCTION

Federal prisoner William C. McGee ("McGee"), currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a pro se habeas petition pursuant to 28 U.S.C. § 2241 challenging the validity of his federal sentence and seeking to use the savings clause of 28 U.S.C. § 2255(e), at least in part, to do so. For the reasons stated herein, the Court dismisses with prejudice the habeas petition.

### II.      PROCEDURAL HISTORY

McGee was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e) in the United States District Court for the Western District of Missouri and was sentenced as an armed career criminal under

18 U.S.C. § 924(e) (the "ACCA") to 204 months in prison with three years of supervised release in 2020. *United States v. McGee*, No. 4:18-cr-00170-BP-1 (W.D. Mo.), ECF Nos. 73 (jury verdict), 118 (amended judgment of sentence). The United States Court of Appeals for the Eighth Circuit summarily affirmed his conviction and sentence. *United States v. McGee*, No. 20-2289, 2020 WL 10140799, *1 (8th Cir. Sept. 4, 2020). The United States Supreme Court denied a writ of certiorari. *McGee v. United States*, -- U.S. --, 141 S. Ct. 2810 (2021).

McGee thereafter filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 with the trial court, which the court denied on the merits. *McGee v. United States*, No. 18-00170-01-CR-W-BP, 2022 WL 2111032 (W.D. Mo. June 10, 2022). There is no indication in online court records that McGee appealed that decision.

On June 1, 2026, McGee dated the instant habeas petition raising the following claim:

> Convicting and sentencing him for being an "armed career offender" violates the Double Jeopardy Clause and the Due Process Clause because he is actually innocent of that offense and subjects him to cruel and unusual punishment under the Eighth Amendment.

(ECF No. 1, PageID.4.) In support of this claim, McGee cites *Erlinger v. United States*, 602 U.S. 821 (2024) (ruling that the Fifth and Sixth Amendments require a jury to unanimously determine beyond a reasonable doubt whether a defendant's prior offenses were committed on separate occasions for purpose of the ACCA),

2

and asserts that his ACCA sentencing enhancement was imposed by the judge and not submitted to the jury for determination.   (*Id*. at PageID.5.)   McGee states that he did not raise this claim earlier because it was "not ripe for review" and, alternatively, that trial and appellate counsel were ineffective under the Sixth Amendment.   (*Id*. at PageID.7.)

### III.   DISCUSSION

McGee brings this action as a habeas petition under 28 U.S.C. § 2241.   His habeas petition, however, concerns the validity of his federal sentence.   The proper avenue for relief on a federal prisoner's claims that his conviction and/or sentence were imposed in violation of the federal constitution or federal law is a motion to vacate sentence under 28 U.S.C. § 2255, filed with the trial court. *Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *see also McCully v. United States*, 60 F. App'x 587, 588 (6th Cir. 2003) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)).   A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention.   *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *see also Wooton v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).   Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set

3

aside, or correct the sentence.   *Charles*, 180 F.3d at 758.

The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not meet that burden.   *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999).   The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief may be or has been denied, because the petitioner is time-barred or otherwise procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence.   *Charles*, 180 F.3d at 756.

McGee neither alleges nor establishes that his remedy under § 2255 is (or was) inadequate or ineffective.   Moreover, he challenged his ACCA sentencing enhancement on direct appeal (including a claim that the trial court erred in failing to submit to the jury the question of whether his prior offenses occurred on separate occasions), and again in his motion to vacate his sentence (along with a claim that trial counsel was ineffective), and was denied relief.   *See McGee*, 2022 WL 2111032 at *2 (discussing claims).   "The mere fact that the courts have not found his arguments persuasive is not enough to satisfy his burden of showing that his remedy under § 2255 is inadequate or ineffective."   *Brewster v. Perez*, 26 F. App'x 781, 783 (6th Cir. 2002) (citing *In re Gregory*).   Section 2255 is not

4

inadequate or ineffective simply because the trial or appellate court denied relief and a petitioner wants to relitigate a claim that was already decided against him. *See Adderly v. Zickefoose*, 459 F. App'x 73, 75 (3d Cir. 2012) (finding no basis for applying the savings clause where petitioner simply sought to relitigate a sentencing enhancement issue); *Crosby v. Brook*, 353 F. App'x 591, 593 (2d Cir. 2009) (ruling that § 2255's savings clause was not properly invoked where the petition was an attempt to relitigate issues previously decided by other courts); *Ceballos Torres v. United States*, 83 F. App'x 609 (5th Cir. 2003) (same). McGee may not relitigate his sentencing claim(s) on habeas review under § 2241 simply because he did not receive the desired result on direct appeal or in his § 2255 proceeding.

McGee seems to assert that he should be allowed to proceed under § 2241 via the "savings clause" of § 2255 because he alleges he is "actually innocent" of the ACCA enhancement.   The scope of the savings clause of § 2255(e) is jurisdictional and is thus a threshold question which must be resolved before this Court can consider the merits of the habeas petition.   *See Taylor v. Owens*, 990 F.3d 493, 496-500 (6th Cir. 2021).

First, to the extent McGee seeks to proceed under the savings clause and does not rely upon an intervening change in the law, he had ample opportunity to (and did) raise such matters on direct appeal before the Eighth Circuit and in his

prior § 2255 proceeding before the Western District of Missouri.   *See Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019) (ruling that a federal prisoner "cannot bring an actual innocence claim in a § 2241 petition through the savings clause without showing that he had no prior reasonable opportunity to bring his argument for relief.").   To be sure, the Eighth Circuit and/or the Western District of Missouri rejected such claims and ruled that his prior offenses occurred on three separate dates and constituted separate offenses under the ACCA (and ruled that counsel was not ineffective).   Consequently, such claims are not properly raised in a § 2241 petition.

Second, to the extent that McGee seeks to proceed under the savings clause by alleging that he is "actually innocent" and relies upon an intervening change in the law, i.e., *Erlinger*, his claims are foreclosed by the United States Supreme Court's decision in *Jones v. Hendrix*, 599 U.S. 465 (2023).   As the Sixth Circuit has explained:

> Some courts, including this one, previously interpreted [the savings clause] to permit prisoners to proceed under § 2241 with certain actual- innocence claims based on new cases of statutory interpretation. *See, e.g., Harrington*, 900 F.3d at 249.   But in *Jones*, the Supreme Court rejected this interpretation of the savings clause, holding that it "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the] restrictions on second or successive § 2255 motions by filing a § 2241 petition." 143 S. Ct. at 1864.   Instead, the savings clause is designed to "cover[ ] unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court" in a § 2255 motion.   *Id*. at 1866 (providing examples, including the dissolution

6

of the sentencing court).   "The inability of a prisoner with a statutory claim to satisfy" the requirements of § 2255(h), which sets forth the two limited conditions under which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences, "does not mean that he can bring his claim in a habeas petition under the savings clause.   It means that he cannot bring it at all."   *Id*. at 1869.

*Birtha v. Gilley*, No. 22-6030, 2023 WL 6052516, *1 (6th Cir. Sept. 12, 2023) (quoting *Jones*).   The proper course in such a case is to dismiss the petition for lack of subject matter jurisdiction.   *Id*. at *2.   *Jones* thus precludes McGee's claims which seek relief under the savings clause based upon an intervening change in federal law.

Lastly, even if the Court has jurisdiction over McGee's challenge to his federal sentence, the Court cannot grant him relief.   McGee asserts that his sentence must be invalidated based on the Supreme Court's decision in *Erlinger, supra*.   *Erlinger*, however, is not retroactively applicable to cases on collateral or habeas review.   *See, e.g., Gann v. United States*, No. 3:19-cr-165, 2026 WL 886616, *11 (E.D. Tenn. Mar. 30, 2026) (citing cases within the Sixth Circuit and other circuits and agreeing that *Erlinger* announced a new procedural rule, not a substantive one, and that does not apply retroactively to cases on collateral review); *Johnson v. United States*, No. 1:25-cv-831, 2025 WL 731966, *10-11 (W.D. Mich. Mar. 7, 2025) (collecting cases).   Consequently, *Erlinger* does not provide a basis for overturning McGee's federal sentence.   His habeas petition

7

must be dismissed.

## IV.   CONCLUSION

For the reasons stated, the Court concludes that McGee is not entitled to proceed under 28 U.S.C. § 2241 on his claims and that his petition is subject to dismissal for lack of subject matter jurisdiction.   Accordingly, the Court **DISMISSES WITH PREJUDICE** the habeas petition.

The Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241.   *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).   Accordingly, McGee need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.   This case is closed.

**IT IS SO ORDERED.**

s/LINDA V. PARKER
United States District Judge

Dated:   July 5, 2026

8